

November 18, 2010

The Honorable Andrew L. Carter
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Britt v. Aries Financial LLC et al.*, 09-civ-2398
         *Petersen v. Aries Financial LLC et al.,* 06-civ-6663

Dear Judge Carter:

Pursuant to the Court's October 21, 2010 order, the parties hereby file a joint status report.

*Petersen and Britt*

**Depositions**

1. Steve Hlavna: *Petersen* counsel sent a subpoena to Steve Hlavna for a November 30, 2010 deposition date.

2. Ms. Petersen: Aries Financial LLC ("Aries") and Ms. Petersen were in the process of scheduling the final session of Ms. Petersen's deposition when she was hospitalized and subsequently transferred to a rehabilitation facility.  The parties will complete this deposition after she is discharged from that facility and cleared for the final deposition session by her physician.

3. Wachovia: After learning Wachovia Bank has not located documents responsive to Plaintiffs' subpoena, Plaintiffs postponed the deposition of a Wachovia Bank representative that was scheduled for November 9, 2010 and rescheduled for November 17, 2010.  Wachovia is still gathering information responsive to Plaintiffs' subpoena.  Until the information is received, Plaintiffs' counsel is unable to determine if a deposition is necessary.

**Document Production and Privilege Log**

1. Aries document production: Aries produced some of the documents sought in Plaintiffs' three sets

**South Brooklyn Legal Services**
105 Court Street, 3rd Floor   Brooklyn, NY 11201
Phone: 718-237-5500   Fax: 718-875-8546   www.sbls.org
**John C. Gray**, Project Director

**Towards justice and dignity for all – Por la Justicia y Dignidad de Todos**



of discovery requests[1] and in depositions conducted by Plaintiffs. Yet, many documents still have not been produced by Aries including documents that, according to various deponents, still exist in Aries' possession. Aries has not asserted that these documents are privileged. On November 5, 2010, Plaintiffs' counsel sent a fourth request to Aries' counsel stating that its production thus far was legally inadequate and detailing 13 areas in which Aries' production was deficient. (Ex. A.) Many of these missing documents should have been produced in response to Plaintiffs' initial document requests in January, 2010. Aries' counsel responded to Plaintiffs' November 5 letter with an e-mail this morning, November 18, 2010, stating that more documents and a new log had been sent to Plaintiffs' counsel by overnight mail. The package was received by South Brooklyn Legal Services at 12:30 p.m. today, November 18, 2010. Therefore, Plaintiffs' counsel were unable to review the information prior to submission of this letter. The cover letter Aries' counsel included in the package is attached to this filing. (Ex. B.)

2. Aries' privilege logs: Aries produced new privilege logs. As per the Court's request during the last status conference, copies of Aries' latest privilege logs are filed with this letter. (Exs. C & D.) Plaintiffs assert that the new logs do not comply with the Federal Rule of Civil Procedure 26(b)(5)(a)(ii) because the logs fail to "describe the nature of the documents/communications" in a manner that would allow Plaintiffs' counsel to assess Aries' privilege claims. Plaintiffs' counsel sent a letter to Aries' counsel dated November 11, 2010, recounting these inadequacies and referring to case law specifying the information necessary to "describe" information alleged to be privileged. (Ex. E.) Aries' counsel has not responded to this letter.

3. Britt document production: Aries' counsel sent its first request for documents to *Britt* counsel on November 2, 2010 (due December 3, 2010). Mr. Britt is attempting to find the documents defendants seek, but has been delayed by his family's obligations to his brother-in-law, who had a heart attack during the week of November 8, 2010.

**Kahan Production**

1. Kahan's privilege log: Mr. Kahan produced a new privilege log and some documents in response to Plaintiffs' most recent request. As per the Court's request, a copy of the Kahan privilege log is filed with this letter. (Ex. F.) Plaintiffs believe that the new log does not comply with the Federal Rule of Civil Procedure 26(b)(5)(a)(ii) because the log fails to "describe the nature of the documents/communications" so as to enable Plaintiffs' counsel to assess Aries' claim that the materials should be protected from disclosure. Specifically, Plaintiffs' counsel cannot determine whether the listed documents were created during Mr. Kahan's representation of Aries as a closing agent or in connection with his representation of Aries in litigation. The distinction is crucial to a determination of whether the privilege is asserted appropriately.

**Production from Powell, Cucuzza, Trentacosta, Berkshire, and Uston**

Plaintiffs have still not received documents requested on multiple occasions from defendants Powell, Cucuzza, Trentacosta, Berkshire Financial, and Uston. Plaintiffs will be requesting a briefing schedule for a motion to compel production from these defendants.

---

[1] These requests were e-mailed on January 28, 2010, August 13, 2010, and August 31, 2010.

**Motion to Compel**

Plaintiffs still anticipate filing a motion to compel once the documents that Aries has in its possession or control are either produced or accounted for in a complete privilege log. Plaintiffs cannot file a comprehensive motion to compel at this time since Aries' and Mr. Kahan's privilege logs remain incomplete.

**Extension of Time**

1. New entity created by Aries principals: One of the e-mails that Aries belatedly produced to Plaintiffs in late October alerted Plaintiffs that Aries' partners formed a new LLC in New York State during the time Plaintiffs' counsel deposed them. Plaintiffs were not notified of the new business relationship between the Aries principals, although discovery is still open and Plaintiffs contend that such documents should have been produced under outstanding document requests. Mr. Kahan is the registered agent for service of the new company, which is called Ramgallon. Also, Mr. Kahan, Mr. Ramaekers and Mr. London did not disclose this information when asked relevant deposition questions. This information is relevant to Plaintiffs' claims. Plaintiffs continue to try to obtain information regarding this entity through Aries' counsel and through Plaintiffs' counsel's own research. After assessing the information gathered, Plaintiffs' counsel may need to re-open depositions of Al London, Larry Ramaekers and Doug Kahan and / or depose Carl Gallo, Aries' third principal, who may have a greater role in Ramgallon than we were told he has in Aries.

2. Outstanding privilege logs and deposition: In addition, Plaintiffs' counsel needs privilege logs compliant with the federal rules to inform their motion to compel. We also await Wachovia's production to determine whether a deposition is required.

Plaintiffs are reluctant to extend fact discovery any further, but request to do in light of a) Defendants' failure to produce information regarding the formation of a new entity; b) recent disclosures made many months after Plaintiffs initially sought this discoverable material; c) Ms. Petersen's hospitalization and current nursing home placement; and d) Defendants' noncompliant privilege logs.

Respectfully Submitted,


Jennifer Light
*Attorney for Herman Britt*

Cc: Fred Sosinsky via ECF
    Doug Kahan via ECF