**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HERMAN BRITT,<br><br>                 Plaintiff,<br><br>    v.<br><br><br><br>ARIES FINANCIAL, LLC., DIVINE INTERVENTION INSTITUTE, INC., ANDREW MORSE, DOUGLAS KAHAN,<br><br>             Defendants. | 09-cv-2398 (RJD) (ALC) |

DECLARATION OF JENNIFER LIGHT IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR
SPOLIATION SANCTIONS AND CERTIFICATION OF GOOD FAITH ATTEMPTS TO
RESOLVE DISPUTES

I, Jennifer Light, declare as follows:

1.      I am co-counsel for Plaintiff Herman Britt in this action.  I work at South Brooklyn Legal Services, located at 105 Court Street, Brooklyn, New York, 11201.  I submit this Declaration in support of Plaintiff's motion to compel production of documents and for other relief as described in Plaintiff's motion and Memorandum of Law.  I also submit this declaration to certify that Plaintiff has made a good-faith effort to resolve the discovery disputes at issue, as described below.

2.      Charts outlining the history of the discovery disputes addressed in this motion are annexed hereto as Exhibit A.

**A. History of Discovery Dispute Between Plaintiff and Aries Financial, LLC**

3.      On January 28, 2010, Mr. Britt served Aries Financial, LLC ("Aries") with Plaintiff's First Set of Interrogatories and Request for Production of Documents, annexed hereto as Exhibit B.  Among the items sought were electronic mail communications (e-mail) between

1

Aries' employees and owners and the brokers and closing agents involved in the making of Mr. Britt's mortgage loans (including Defendant Douglas Kahan), as well as e-mail among Aries' employees and owners regarding Mr. Britt's loan.  Plaintiff also requested any business plans, models or manuals used in making Aries mortgages.

       4.      On April 5, 2010, Aries served its Response to Plaintiff's First Set of Interrogatories and Request for Production of Documents by Defendant Aries Financial, LLC, annexed hereto as Exhibit C.  On that date, Aries also produced 11,900 un-indexed pages without Bates stamps, including a total of nine e-mails in unsearchable PDF form.

       5.      Plaintiff deposed Defendant Douglas Kahan on April 22, 2010.  Relevant portions of his testimony are annexed hereto as Exhibit D.

       6.      Plaintiff deposed Aries owner Albert London on May 20, 2010 and May 27, 2010. Relevant portions of his testimony are annexed hereto as Exhibit E and Exhibit F, respectively. London was also deposed in the context of similar litigation in New Jersey (*DaSilva v. Aries Investments, LLC*, Bk. Case No. 08-19547 (Bankr. Dst. N.J.)).  Relevant portions of his testimony from that deposition are annexed hereto as Exhibit G.

       7.      Plaintiff deposed Aries administrative assistant Candice London on June 22, 2010.  Relevant portions of her testimony are annexed hereto as Exhibit H.

       8.      Plaintiff deposed Aries administrative assistant Carol Laxner on June 24, 2010. Relevant portions of her testimony are annexed hereto as Exhibit I.

       9.      Plaintiff deposed Aries owner Lawrence Ramaekers on June 30, 2010 and July 28, 2010.  Relevant portions of his testimony are annexed hereto as Exhibit J.

10.      Plaintiff deposed Fredric Powell, who served as a closing agent for a number of

Aries loans, on July 30, 2010.  Relevant portions of his testimony are annexed hereto as Exhibit

K.

11.      I sent Aries and Mr. Kahan a letter on July 14, 2010, after most of the defendants'

depositions had been completed, requesting numerous documents requested but not produced in

response to Plaintiff's January 28, 2010 interrogatories and request for production of documents.

This letter is annexed hereto as Exhibit L.  This letter also asked for documents mentioned by

deponents and orally requested at depositions by Plaintiff's counsel.

12.      On August 13, 2010, Plaintiff served his Second Set of Requests for Production of

Documents, annexed hereto as Exhibit M, requesting financial information relating to Aries and

its owners.

13.      On the same day, Aries provided some of the documents requested in Plaintiff's

July 14, 2010 letter, but did not produce any e-mail.  A letter from Frederick Sosinsky that

accompanied this production is annexed hereto as Exhibit N.  In response to each and every

specific request for e-mail, Mr. Sosinsky stated that Aries had "provided documents responsive

to this request" in its April 5, 2010 production, which contained a total of *nine* e-mails.  He again

stated that neither Aries nor London possessed a business plan for the company.

14.      On August 31, 2010, Plaintiff served his Second Set of Interrogatories and Third

Requests for Production of Documents, annexed hereto as Exhibit O.  Plaintiff requested

documents relating to Aries' financing, including materials pertaining to loans the company or its

principals sought or secured to further the enterprise.

15.      Defendants provided no further responses to any of Plaintiff's requests until

October 15, 2010, when Aries produced a number of documents, including sixty-four e-mails to

3

and from London in non-searchable PDF format, and a privilege log denoting an additional

seventy-three e-mails.  Aries also produced approximately sixty e-mails between London and

Jared Namm, an attorney who conducted research for him, in a searchable Microsoft Outlook-

compatible format.  The accompanying letter from Mr. Sosinsky is annexed hereto as Exhibit P.

16.     On October 28, 2010, Aries produced 245 e-mails, again in non-searchable PDF

format, this time to and from Lawrence Ramaekers, as well as a privilege log claiming that 133

e-mails to and from Ramaekers were protected by the attorney-client privilege.

17.     On November 5, 2010, Matthew Brinegar, counsel for Plaintiff, sent a letter to

Mr. Sosinsky seeking compliance with Plaintiff's document requests.  This letter is annexed

hereto as Exhibit Q.  This letter specified instances in which Aries neglected to produce

documents or account for their absence, including:  documents related to Aries' search and

acquisition of outside funding; any e-mail to or from London prior to 2009; attachments to the e-

mail that was previously provided; more than a few e-mails to or from Lawrence Ramaekers and

none prior to 2007; any e-mail from any other employee or owner of Aries; and a business plan

for the company.  Plaintiff also requested documents relating to Ramgallon, LLC, a new

enterprise formed by Aries' principals in New York State with the help of Douglas Kahan.  I

independently learned of Ramgallon's existence in late-October, 2010.  Defendants had not

disclosed the existence of this new company to Plaintiff.  Ramgallon's Department of State

corporate entity registration information is annexed hereto as Exhibit R.

18.     On November 17, 2010, Aries supplemented its previous document production

with a compact disc containing some of the attachments from e-mail to or from London; a

document clearly identifiable as a business plan (part of which is entitled "Aries Financial, LLC

Business Plan"), a copy of which is annexed hereto as <u>Exhibit S;</u> and a new privilege log.  The letter from Mr. Sosinsky that accompanied this production is annexed hereto as <u>Exhibit T</u>.

19.     Among the documents produced by Aries are the following: a January 23, 2010 e-mail from Albert London to Lawrence Ramaekers and Carl Gallo, annexed hereto as <u>Exhibit U</u>; a legal memorandum from Jared Namm to Albert London dated August 23, 2010, annexed hereto as <u>Exhibit V</u>; and e-mails from Lawrence Ramaekers dated August 17, 2010, July 1, 2009, July 2, 2009, and May 27, 2009, annexed hereto as <u>Exhibit W</u>.

19.     On December 14, 2010, Karuna Patel, counsel for Plaintiff, again wrote to Mr. Sosinsky to point out that Aries' production of e-mail had been woefully insufficient.  This letter is annexed hereto as <u>Exhibit X</u>.  Ms. Patel also noted that Aries had not produced any documents related to Aries' search for outside funding (aside from the presentation to Wachovia produced on November 17, 2010), nor had it produced any documents related to the assignment of an Aries loan to Ramgallon, LLC, which Defendants mentioned for the first time in a December 2, 2010 status conference call with the Court.

20.     On January 5, 2011, Aries produced a compact disc with 300 pages of loan documents relating to 15 million dollars in funding it sought and received from Wachovia Bank. Among these documents was a loan agreement dated March 24, 2006, which is annexed hereto as <u>Exhibit Y</u>.  On this date Aries also produced documents related to the assignment of an Aries mortgage to Ramgallon, LLC.  No additional e-mail was produced on this date.  The letter from Mr. Sosinsky that accompanied these documents is annexed hereto as <u>Exhibit Z</u>.

**B. History of Discovery Dispute Between Plaintiff and Douglas Kahan**

21.     On January 28, 2010, Plaintiff served his First Set of Interrogatories and Request for Production of Documents on Defendant Douglas Kahan, annexed hereto as <u>Exhibit AA</u>.

Among other things, Plaintiff requested e-mail between Kahan and various parties involved in Aries' loan transactions.

22.     On March 25, 2010, Kahan responded, stating that the e-mail requested was either privileged or did not exist.  Douglas Kahan's Responses to Interrogatories is annexed hereto as Exhibit BB.  Mr. Kahan did provide some responsive documents, but claimed that numerous documents were privileged.  Mr. Kahan did not provide Plaintiff with a privilege log.

23.     In my July 14, 2010 letter to the Defendants, annexed hereto as Exhibit L, I reiterated Plaintiff's request for Kahan's e-mail communications with Aries.

24.     Kahan responded in a letter dated August 11, 2010, annexed hereto as Exhibit CC, maintaining that all e-mail between himself and Aries was subject to the attorney-client privilege, despite the fact that much of his work for Aries was done in his capacity as a settlement agent, not as an attorney.  He did not provide a privilege log.

25.     On October 22, 2010, Kahan finally produced a privilege log and four e-mails related to Aries loans.  These four e-mails dated from 2007, 2008 and 2009, after Aries stopped lending.  Kahan's privilege log contained only three references to e-mail prior to 2007, when Aries ceased making loans.

26.     On November 17, 2010, I received an e-mail from Kahan indicating that all of his privileged communications related to litigation and occurred after the date when Aries ceased making new loans (i.e. after he ceased working as a settlement agent for Aries).  He did not provide an explanation for his failure to produce any e-mail prior to the date when Aries stopped lending.  A copy of this e-mail is annexed hereto as Exhibit DD.

27.     Kahan finally attempted to explain his failure to produce e-mail in an undated letter e-mailed to me on January 10, 2011, annexed hereto as Exhibit EE.  Kahan explained that

aside from the e-mail noted in his privilege log, "there are no other emails to be produced"

because he "did not save emails and [his] emails were lost in April 2010 due to AOL server

failure."

SIGNED UNDER PENALTIES OF PERJURY THIS 7TH DAY OF FEBRUARY 2011

/s/ Jennifer Light_____
Jennifer Light
SOUTH BROOKLYN LEGAL SERVICES
105 Court Street, 3rd Floor
Brooklyn, NY 11201
(718) 237-5500

*Attorneys for Plaintiff Herman Britt*