

June 30, 2011

BY ECF

The Honorable Andrew Carter
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Britt v. Aries Financial LLC, et al.* 09-Civ-2398 (RJD) (ALC)
              <u>Update re Relevant Discovery Produced after Filing of Motion to Compel</u>

Dear Judge Carter:

      Plaintiff Herman Britt respectfully submits this letter to inform the Court prior to argument of his motion to compel discovery and for sanctions, which is scheduled for argument on July 6, 2011 at 2 pm, of recent discovery productions that provide significant additional support for Plaintiff's motion and an award of attorneys' fees. Plaintiff served his motion on February 7, 2011. The motion was fully briefed and filed on March 21, 2011. Since that date, defendant Aries Financial, LLC has produced five sets of documents, four of which relate to the motion ("post-motion productions").[1] The post-motion productions total over 9,000 documents. Defendant Kahan has produced no additional documents. Plaintiff's counsel received Aries' post-motion productions on March 21, March 24, June 1, and June 27. The documents received are summarized here by custodian, *i.e.*, the individual from whose computer or e-mail account(s) they were produced:

| | <u>E-mail</u> | <u>Other Electronic Documents (Word & Excel)</u> |
|---|---|---|
| Larry Ramaekers (principal) | 0 | 0 |
| Carl Gallo (principal) | 0 | 0 |
| Albert London (principal) | 1360+ | 80 |
| C. London & C. Laxner (employees) | 8000+ | 0 |

      These documents reveal that Aries continues to withhold and/or has destroyed substantial numbers of relevant documents. The post-motion productions alone justify sanctions including attorneys' fees and forensic analysis of Aries' electronically stored information at Aries' cost. The extent and content of the newly produced documents is remarkable. The documents contain direct evidence that more documents are being withheld or have been destroyed. The documents also evidence Aries' and the principals' wrong-doing, specifically supporting Mr. Britt's Truth in Lending and Home Ownership and Equity Protection Act, New York Anti-Predatory Lending Law, New York Deceptive Practices Act, fraud, and unconscionability claims, as well as his claim to quiet title on his property.

---

[1] By letter dated May 2, 2011, Aries served documents relating to a recent source of financing. Counsel for Mr. Britt received them on May 5, 2011. Those documents are not the subject of this motion.

PO Box 3638, Durham NC 27702-3638 • 302 W. Main Street, Durham NC 27701 • Phone 919.313.8500 • Fax 919.313.8595
910 17th Street NW, Suite 500, Washington DC 20006 • Phone 202.349.1850 • Fax 202.289.9009
1330 Broadway, Suite 604, Oakland CA 94612 • Phone 510.379.5000 • Fax 510.893.7300
www.responsiblelending.org

Documents Produced by Aries Since Service of Plaintiff's Motion

*Received March 21, 2011 with Letter dated March 18, 2011*
  As mentioned in our reply, we received 3 compact discs on May 21, 2011.  They contained approximately 8000 e-mails from Aries' two employees, 80 electronic documents from Albert London, a privilege log, and images of the index cards sought in our motion.  Though we know that the e-mail came from two employees, it was produced as one file so we cannot distinguish which e-mails or how many each individual produced.

*Received March 24, 2011 with Letter dated March 23, 2011*
  On May 24, 2011, we received an additional 155 e-mails from Aries' two employees and a privilege log.  Again, we were unable to determine from whose e-mail account the messages originated.

*Received June 1, 2011 with Letter dated May 31, 2011*
  On June 1, 2011, we received approximately 1360 e-mails "recovered from London's computer" together with a related privilege log.  Ltr from F. Sosinsky dated May 31, 2011.  Some of those e-mails were missing content.

*Received June 27, 2011 with Letter dated June 24, 2011*
  On June 27, 2011, we received the content of approximately 130 of the e-mails from London's computer that were missing content with a privilege log.  The content of approximately 20 e-mails remains missing.

Document Production Remains Incomplete

*Ramaekers, Principal of Aries*

  Ramaekers has produced no further documents.  As stated in our motion, Ramaekers produced no e-mail for the period prior to August of 2007, by which time Aries had made most its loans, including Mr. Britt's.  In light of the nearly 10,000 e-mails that Aries has produced from two employees and London (another principal) since Mr. Britt's motion, it is not credible for Ramaekers to continue to insist that he has no relevant ESI.  In fact, the post-motion productions cast serious doubt on the truthfulness of the affidavit Ramaekers submitted in response to Plaintiff's motion.  He stated that during 2005 and 2006 he "did not regularly use emails to communicate on any important matter," yet of the e-mail recently produced he was the author, recipient or copied on e-mail as follows:

| Year | Number of E-mails |
|------|-------------------|
| 2005 | 0 |
| 2006 | 412 |
| 2007 | 206 |
| 2008 | 90 |
| 2009 | 196 |
| 2010 | 267 |
| 2011 | 56 |
| TOTAL | 1227 |

Ramaekers Aff., March 7, 2011.

  The post-motion productions also demonstrate that Ramaekers controlled Aries' operations and was the sole author of its most critical documents, including loan document templates and Aries' business plans.  As London himself states in a recently produced e-mail to Ramaekers dated March 22, 2010:

2

[Aries] paperwork was written by only one person. The contribution of ideas came from those people you mentioned including myself but the actual bringing together of all of the sources and putting it down onto a paper or computer form was produced by you [Ramaekers]. You may recall that the paperwork only existed on your computer and was then transferred to Carol's computer. She did not have the control to change anything except fill in the blanks.

For example, London produced an Aries "Business Plan" dated 2007. The metadata reveals that the document was created by Ramaekers on April 25, 2005 and that the document produced was the 31st revision of the original document. Aries has not produced earlier versions of this and other documents, which presumably only exist on Ramaekers' computer. These prior versions of Aries' business plan are highly relevant to Mr. Britt's claims, because they likely reflect the evolution of Aries' business model over time, such as decisions to provide certain consumer protection disclosures but not others.

In light of the above and Ramaekers' admission to document destruction in his Affidavit, forensic search of Ramaekers' e-mail accounts and any computers or devices Ramaekers used to conduct Aries business is a necessary and appropriate remedy together with other sanctions.

*London, Principal of Aries*

In a sworn affidavit filed with this Court on March 21, 2011, London stated that he "recently searched . . . [his] computer for any other emails . . . but there were none" and that he "double checked with an expert." London Aff., March 8, 2011. Without explanation, on June 1, 2011, London produced over 1300 e-mails. The relevance and importance of these e-mails to Mr. Britt's case is incontrovertible. For example, the only 2005 e-mail he produced is between London and an employee of Wachovia Bank. It says:

> John . . . A comment that you made today resonated with me when I got home. You said 'There seem to be new rules written everyday for consumer loans.' I agree with that and also would prefer to be less regulated. To that end we decided to make all of our loans to corporations or LLCs.

Another e-mail produced on June 1, 2011 from London to Ramaekers on March 22, 2010 includes the following admission: "Other than a three day right of rescission and/or some disclosures, we did not violate any consumer protections." As alleged in Mr. Britt's complaint, the Truth In Lending Act requires lenders to give borrowers like Mr. Britt very specific documents such as notices disclosing a right to rescind the loan transaction, which Aries failed to provide.

Moreover, in a number of the 1300 emails produced, only the subject line was produced–there was no text in the body of the e-mails. In response to our request, counsel for Aries produced the missing text for many of those e-mails, but "[t]here were a number of such messages, however, for which the text of the email and any attachment were not recoverable." Ltr from F. Sosinsky dated June 24, 2011. The subject of at least some of those e-mails reveals their relevance (e.g. "Wachovia"). Furthermore, the text recovered only after follow-up again confirms that Aries' principals have been less than forthcoming in this case. Aries has insisted to the Court that the new entity it created, Ramgallan, had no real relevance to Aries' business beyond one loan and that neither London nor Ramaekers had an obligation to reveal its existence in their depositions conducted in spring/summer of 2010. A February 25, 2010 e-mail from London to Jared Namm, a consulting attorney, belies this assertion:

> It appears that forming a new LLC for this case or for the purpose of transferring all of the NY foreclosures seems prudent. My next question which will not be an easy one to answer is this: If we

3

form a new NY LLC and transfer all of the foreclosures to it (by assignment) can we start the foreclosure again and hopefully get a new judge or are we stuck with her permanently? Thanks  AL

Finally, the files that London produced concurrent with Aries response to Plaintiff's motion and referenced in his sworn affidavit as files he "was unaware had been preserved as a file" totaled 80 highly relevant files.  London Aff. March 8, 2011.  This included the business plan mentioned above and a document addressed to "Mortgage Brokers and Bankers" marketing Aries' loans that contains no mention of the borrower's home being put into an LLC, which would clearly support Plaintiff's fraud claim.

Again, in light of the contradictions between London's affidavit, deposition testimony and his June production as well as the nature of the files he belatedly discovered only after being served with our motion, forensic search of London's e-mail accounts and any computers or devices London used to conduct Aries business is a necessary and appropriate remedy together with other sanctions.

*Gallo, Principal of Aries*

The post-motion productions reveal that Carl Gallo is another potential custodian of relevant evidence.  He was the sender, recipient and/or copied on a total of 590 e-mails.  He was the sender of 18 e-mails, including one dated January 23, 2010 related to the creation of a new LLC to purchase tax liens.  His ESI clearly falls under the scope of Plaintiff's original document requests and must be produced.

*Laxner, Employee of Aries*

Newly produced e-mail evidences Laxner's intent to withhold and/or destroy e-mails, including lying under oath about Aries' computer back-up systems and record retention policies, and using personal e-mail to evade scrutiny of Aries-related business.  In her deposition, Laxner testified that Aries had no backup files and no policy on preserving any business records.

> Q: Does Aries have any backup files?
> A: Not that I'm aware of. I did not have any.
> Q: Does Aries Financial have any policy on preserving business records, including electronic records?
> A: Not that I'm aware of. . . . . I don't have a backup system, and it's just my computer.

Laxner Dep. at 108-09, Ex. I of MTC.

At the time that Laxner's deposition was taken, Mr. Britt's counsel had no reason to doubt Laxner's testimony, as Aries continued to withhold documents.  However, the post-production motions reveal that Laxner lied under oath and that Aries did, in fact, have a system for backing up computer files.  In a December 28, 2006 e-mail, Laxner wrote to London: "I understand the importance of backing up all of my computer data and programs.  I appreciate that you consider me an important cog in this wheel of your business."  Four months later Laxner confirmed to London via email that she "did purchase a Maxtor One Touch, and I am now able to back up my computer data."

Another recently produced e-mail again evidences Laxner's efforts to aid Aries in withholding information.  On January 26, 2007, London e-mailed Laxner about a new loan application she was creating for "NewCompany."  She replied, "If you prefer to keep this 'out of Aries', my personal email is claxner@adelphia.net."  In her deposition she testified that she did not use any e-mail address other than her ariesmortgages.com account for Aries business.  Laxner Dep. at 34, Ex. I of MTC.  There are at least 5 other e-emails addressed to her personal e-mail address.

4

Based on the above, forensic analysis of computers or devices, including any back-up device, Laxner used to conduct Aries business is an appropriate remedy together with other sanctions

*C. London, Employee of Aries*

As mentioned above, we are unable to identify the custodian of the over 8,000 e-mails produced jointly by Laxner and C. London.  Accordingly, we do not know how many of those were produced by C. London, again, only after being served with Plaintiff's motion.  C. London testified that she regularly deleted e-mail and kept e-mail folders for loans that were not approved.  C. London Dep. at 82-83, Ex. H.  The production had no e-mail folders.  Again, forensic analysis of computers or devices used to conduct Aries business is an appropriate remedy together with other sanctions.

Conclusion

Aries' post-motion productions of e-mail and electronic documents confirm the need for an order compelling Aries to produce all of its ESI for forensic analysis at Aries' cost, precluding Aries from using any of the documents produced after service of Plaintiff's motion to compel in any dispositive motion in this action or at trial, and for an award of attorneys' fees and costs related to Plaintiff's motion to compel.


Thank you for your consideration.


Dated:  Washington DC
        June 30, 2011

Respectfully submitted,

/s/

Karuna B. Patel
Counsel for Plaintiff

cc by ECF:

Fredrick Sosinksy, Esq.
45 Broadway, 30th Floor
New York, NY 10006
(212) 285-2270
Counsel for Aries Financial, LLC

Douglas Kahan, Esq.
1328 Boston Post Road
Larchmont, New York 10538
(914) 630-1178
Pro Se Defendant